UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| BENYEHUDAH WHITFIELD, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
|   v. | ) | 13-CV-3197 |
| | ) | |
| MELODY J. FORD, | ) | |
| DONALD D. GAETZ, | ) | |
| MICHAEL P. RANDLE, | ) | |
| ILLINOIS DEPARTMENT OF | ) | |
| CORRECTIONS, and | ) | |
| STATE OF ILLINOIS | ) | |
| | ) | |
|   Defendants. | ) | |

**OPINION**

RICHARD MILLS, U.S. District Judge:

    Plaintiff, proceeding pro se, seeks leave to proceed in forma pauperis on a claim that he was denied good time credit for completing prison educational and vocational programs.

    A court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim.  28 U.S.C. § 1915(d)(2).  Accordingly, though in forma pauperis status may be granted due to a plaintiff's indigency, this Court will not send the case for service if no federal claim is stated.

In reviewing the Complaint to determine whether federal claims are stated, Plaintiff's factual allegations are accepted as true and liberally construed in Plaintiff's favor. <u>Turley v. Rednour</u>, 729 F.3d 645, 649 (7th Cir. 2013).

## ALLEGATIONS

On or about December 7, 1994, Plaintiff was arrested and charged with home invasion, a Class X felony. Plaintiff pleaded guilty, allegedly in part because Plaintiff believed that he could earn an additional .5 per day of "program sentence credit" by successfully completing educational and vocational programs in prison. 730 ILCS 5/3-6-3(a)(4). The program sentence credit Plaintiff believes he was eligible for was in addition to the day-for-day good conduct credit Plaintiff was already eligible for under 730 ILCS 5/3-6-3(a)(2.1).

Plaintiff participated in prison vocational and educational programs, and, for purposes of this order, the Court assumes that Plaintiff successfully completed those programs. Despite his completion of the programs, Plaintiff was told that he was ineligible to even be considered for program sentence credit because Plaintiff was serving a conviction for a Class X felony.

Plaintiff contends that the refusal to grant program sentence credit violated Title 20, Section 107.520(a)(5)(B), as in effect at that time.  Plaintiff filed a petition for mandamus relief in Lawrence County Circuit Court about this issue, but the Circuit Court found against Plaintiff.  After attempting to pursue appeals, Plaintiff filed a petition for habeas corpus in the Southern District of Illinois about this issue, but the action was dismissed as moot in August 2013 because Plaintiff had been released from prison.  Whitfield v. Gaetz, 09-CV-678 (S.D. Ill., Chief Judge Herndon)(8/27/13 order of dismissal).  In the meantime, Plaintiff filed this case under 42 U.S.C. § 1983 pursuing the same claim and seeking damages.

## ANALYSIS

In order to state a federal constitutional claim, Plaintiff must have had a constitutionally protected liberty interest in the program sentence credits which arose from state law.  "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979); Montgomery v. Anderson, 262 F.3d 641, 645

(7th Cir. 2001)("[A] state may, but need not, create a legitimate claim of entitlement to good-time credits.").

Plaintiff did have a liberty interest in the day-for-day good conduct credits for which he was eligible under 730 ILCS 5/3-6-3(2.1).  Parker-Bey v. Taylor, 2011 WL 837783 * 4 (S.D. Ill. 2011)(unpublished)("In view of the mandatory language of Section 3–6–3 regarding day-for-day good-time credit, IDOC prisoners generally are recognized by courts as having a due process liberty interest in day-for-day good-time credit that is protected by the Fourteenth Amendment.").  Plaintiff's day-for-day credits are not at issue here.  At issue here is whether Plaintiff had a liberty interest in program sentence credits.

Plaintiff asserts that a prior version of an Illinois administrative code section created such a liberty interest.  The relevant version of that section states in part:

Section 107.520 Eligibility

  a) Committed persons who, on or after August 11, 1993, are engaged full-time in substance abuse programs, correctional industry assignment, or academic or vocational education programs approved by the Department shall be eligible to receive earned good conduct at the rate of .50 a day provided:

1) They are eligible to receive good time in accordance with 20 Ill. Adm. Code 107 Subpart B;

2) They are not committed as habitual juvenile offenders or violent juvenile offenders;

3) They are not assigned to a boot camp or electronic detention program or a mental health unit;

4) They are not serving a sentence for a conviction for first degree murder, a Class X felony, criminal sexual assault, felony criminal sexual abuse, aggravated criminal sexual abuse, aggravated battery with a firearm, or any predecessor or successor offenses with the same or substantially the same elements, or attempt, solicitation, or conspiracy to commit any of the foregoing offenses;

5) They are not serving a sentence for a conviction for any of the following offenses committed on or after August 20, 1995:

   (A)  First degree murder, attempt to commit first degree murder, solicitation of murder, solicitation of murder for hire, intentional homicide of an unborn child, aggravated criminal sexual assault, criminal sexual assault, aggravated kidnapping, aggravated battery with a firearm, heinous battery, aggravated battery of a senior citizen, or aggravated battery of a child; or

   (B)  Home invasion, armed robbery, aggravated vehicular hijacking, aggravated discharge of a firearm, or armed violence with a category I weapon or category II weapon, when the court has entered a finding that the conduct leading to conviction for the offense resulted in great bodily harm to a victim;

    6) They have not been convicted of a felony committed after they have received a previous award of educational or earned good conduct credits;

    7) They have not previously served more than one prior sentence of imprisonment for a felony in an adult correctional facility;

    8) They achieve the goals established by the Department within a specified time period; and

    9) They are not removed from the program for failure to comply with program requirements or for disciplinary reasons.

Ill. Admin. Code tit. 20, § 107.520 (effective May 5, 1996).[1]

Plaintiff argues that, since he committed home invasion before August 20, 1995, he was eligible for program sentence credit under subparagraph (a)(5)(B) above, even though home invasion is a Class X felony.  This argument is based on the interpretive maxim *expressio unius est exclusio alterius*: "The expression of one thing is the exclusion of another."  Black's Law Dictionary 521 (5th Ed. 1979).

However, Plaintiff's argument ignores subparagraph (a)(4), which categorically excludes all inmates serving convictions for Class X felonies from earning program sentence

---

[1] This section was amended effective February 1, 2013.  The current version removes the subparagraph on which Plaintiff relies and states that any inmate serving time for an excluded offense under 730 ILCS Section 3-6-3(a)(4) is not eligible for program sentence credit.  20 Ill. Admin. Code 107.520 (effective 2/1/13).

credit. Plaintiff's interpretation of subparagraph (a)(5)(B) directly conflicts with the language of subparagraph (a)(4).

Admittedly, the reference to home invasion in subparagraph (a)(5)(B) is arguably superfluous, since home invasions are already excluded under subparagraph (a)(4). The enabling statute also arguably contains superfluous language:

> (4) The rules and regulations shall also provide that the good conduct credit accumulated and retained under [the day-for-day subsection] . . . by any inmate during specific periods of time in which such inmate is engaged full-time in substance abuse programs, correctional industry assignments, or educational programs provided by the Department under this paragraph (4) . . . shall be multiplied by a factor of 1.25 for program participation before August 12, 1993 and 1.5 for program participation on or after that date. However, no inmate shall be eligible for the additional good conduct credit under this paragraph (4) . . . **if convicted of an offense enumerated in . . . subdivision (a)(2)(iii) of this Section that is committed on or after June 19, 1998 . . . or . . . a Class X felony**, felony criminal sexual abuse, aggravated criminal sexual abuse, aggravated battery with a firearm, . . . or any predecessor or successor offenses with the same of substantially the same elements . . . . ."

730 ILCS 5/3-6-3(a)(4)(effective until June 1, 2008)(emphasis in original).[2]  Subdivision (a)(2)(iii) lists, among other crimes, home invasions committed after June 19, 1998, in which great bodily harm resulted.  The reference to subdivision (a)(2)(iii) in 730 ILCS 5/3-6-3(a)(4) is arguably superfluous, at least as to home invasion and other Class X felonies, because Class X felonies are already categorically excluded from eligibility for program sentence credit later in the same sentence.  Standard Mut. Ins. Co. v. Lay, 2013 IL 114617, 989 N.E.2d 591 (2013)("Each word, clause and sentence of a statute must be given reasonable meaning, if possible, and should not be rendered superfluous.").

Yet whether or not the statute contains superfluous language is of no consequence here.  At most one might argue that the superfluous wording in the statute renders the statute ambiguous, but that would not be grounds for a constitutional claim.  Resolving any ambiguity would be the job of the IDOC or the state courts.  Hadley v. IDOC, 224 Ill.2d

---

[2] Class X felons have been excluded from earning program sentence credit under this statute since at least 1990, when this subparagraph on program sentence credit was added.  1990 Ill. Legis. Serv. P.A. 86-1373 (West)(adding subparagraph (4):  "no inmate shall be eligible for the additional good conduct credit . . . if convicted of first degree murder, second degree murder, or a Class X felony.").


365 (2007)("[C]ourts will give deference to the agency's interpretation of any statutory ambiguities"); U.S. ex rel. Sprinkle v. Dawson, 2012 WL 1985896 * 4 (N.D. Ill. 2012)(unpublished)(deferring to state appellate courts' interpretation of state law on crediting of good time, *citing in support* Gresham v. Peterson, 225 F.3d 899 (7th Cir. 2000)("federal courts should defer to state court interpretations of state laws")).

Illinois courts and the IDOC have consistently interpreted 730 ILCS 5/3-6-3(a)(4) to unambiguously exclude all Class X felons from program sentence credit.  *See, e.g.,* People v. Duke, 305 Ill.App.3d 169, 173 (4th Dist. 1999)(inmate convicted of Class X felony in 1984 was not eligible to earn program sentence credit under 720 ILCS 5/3-6-3(a)(4) despite serving consecutive term for non-Class X felony)("[T]he enhanced credit is unavailable to prisoners serving Class X felony sentences."); Gray v. Hardy, 2012 IL App (3d) 120095-U, ¶ 20 ("[T]he plain language of subsection (a)(4) provides that while inmates who are entitled to day for day credit are generally also entitled to educational good credit, certain inmates are not eligible for educational good time credit, including

those 'convicted of * * * first degree murder.' . . ."); People v. O'Reilly, 2012 IL App (2d) 120099-U, ¶ 15 (§ 3-6-3(a)(4) precludes Class X offender from earning program sentence credit); Barker v. Ryker, 2011 IL App (4th) 100883-U (inmate sentenced for home invasion in August 2008 was not eligible for program sentence credit).  Neither the administrative code section Plaintiff cites nor its enabling statute gave Plaintiff a constitutionally protected liberty interest in program sentence credit.

Alternatively, Plaintiff relies on 735 ILCS 5/5-4-1(c-2), which instructs the sentencing judge on how to inform the public of the length of time a defendant is expected to serve in prison.  However, Plaintiff omits a critical part of that statute:

> (c-2)  If the defendant is sentenced to prison, other than when a sentence of natural life imprisonment or a sentence of death is imposed, at the time the sentence is imposed the judge shall state in open court the approximate period of time the defendant will serve in custody . . . . **This statement is intended solely to inform the public, has no legal effect on the defendant's release, and may not be relied on by the defendant on appeal.**

(emphasis added).  By its plain language, this statute has "no legal effect" on Plaintiff's release date.

In short, Plaintiff had no constitutionally protected liberty interest in program sentence credit while he was serving his sentence for home invasion, a Class X felony. Accordingly, this case must be dismissed for failure to state a federal claim.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed in forma pauperis is granted due to Plaintiff's indigency (d/e 2).

2) Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint is dismissed, with prejudice, for failure to state a federal claim on which relief may be granted. Any amendment to the Complaint would be futile because Plaintiff had no constitutionally protected liberty interest in earning program sentence credit during his incarceration.

3) The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58. This case is closed.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in

forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).

 ENTERED:   December 16, 2013

FOR THE COURT:
　　　　　　　　　　　　　**s/Richard Mills**
　　　　　　　　　　　　RICHARD MILLS
　　　　　　　　　UNITED STATES DISTRICT JUDGE